UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FILED by VT D.C.
ELECTRONIC

Nov. 16, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

PHH MORTGAGE CORPORATION
f/k/a CENDENT MORTGAGE CORPORATION,
a New Jersey corporation,

    Plaintiff,

v.

Case No. _____

**09-CV-61825-Cohn-Seltzer**

ALLIANCE MORTGAGE FUNDING, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, PHH Mortgage Corporation, f/k/a Cendent Mortgage Corporation ("PHH"), by and through its undersigned counsel, sues Defendant, Alliance Mortgage Funding, Inc. ("Alliance"), and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for breach of contract and the matter in dispute exceeds the sum or value of $75,000, exclusive of claims, interest, costs or attorneys' fees.

2. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as the parties are citizens of different states.

3. Venue is appropriate in Broward county, Florida in that the subject of this dispute arose in Broward county, Florida and the real property underlying the contract at issue in this litigation is located within Broward county.

4. The parties entered into a contract governing Alliance's participation in PHH's mortgage program (the "Agreement").

5.  Under the terms of the Agreement, Alliance was required to, *inter alia*, originate, register and process all loans in conformance with the procedures and policies set forth within the Agreement.

6.  Under the terms and conditions of the Agreement, Alliance specifically represented and warranted that all documents submitted to PHH would be genuine, true, correct and proper, contain no misrepresentation by the borrower or any other parties to the mortgage loan transaction, and were properly authorized.

7.  The parties agreed that the representations and warranties in the Agreement would survive the execution and/or termination of the document and otherwise would be assignable.

8.  Additionally, Alliance specifically agreed that if PHH was required to repurchase any loan brokered by Alliance as a result of a fact or circumstance pertaining to the period prior to the closing date of the loan, then Alliance would purchase the loan back.

9.  Alliance further agreed to repurchase the loan upon demand by PHH, if Alliance breached any term or condition, including any representation or warranty of the parties' agreement.

10. Furthermore, pursuant to the terms of the Agreement, Alliance specifically agreed to hold PHH:

> "harmless from and against, and shall assume liability for, any and all judgments, claims, losses, costs, expenses or damages, including but not limited reasonable attorneys' fees incurred or paid by [PHH] resulting from (i) any breach by [Alliance] of any term, condition, representation or warranty, including but not limited to failure to purchase a Loan(s) as required above; or (ii) any misrepresentation made by [Alliance] in this

2

Agreement *or in any information or documents submitted to* [PHH] *in connection with this Agreement.*"

11.     Under the terms of the Agreement, Alliance acknowledged that PHH relied upon the documents and information submitted to [PHH] without independent check or verification. In this regard, Alliance agreed that any final approval or passing of underwriting would in no way limit PHH's right to require repurchase and indemnification as provided in the Agreement.

12.     In July 2005, Alliance submitted a uniform residential loan application on a $650,000 mortgage on behalf of Earl M. Evoy and Shauna L. Evoy, which was assigned loan number 0030335590.

13.     On July 7, 2005, Alliance submitted a request for verification of employment to PHH as part of its loan documentation. The request for verification of employment indicated that Mr. Evoy had been a national fleet account manager with Supreme Truck Bodies of California with a date of employment of January 1, 2000.

14.     The request for verification also indicated that Mr. Evoy had taken a new position "as fleet manager in Florida" with a new annual income of "$168,000 per year (transferred to Florida, no commission)."

15.     The salary and employment information provided to PHH were misrepresentations of material fact. Subsequent investigation has proven that Mr. Evoy's true annual income was $52,000 with $30,000 in commissions. Using the correct income, applicable debt to income ratios increased from 46.01% to 86.07%, which exceeds the relevant maximum program guidelines.

16.     Moreover, the employment verification provided to PHH was purportedly signed by a John Miller who allegedly held the title National Account Sales Director. This too was a material misrepresentation of fact.

17.     Whatever his true position was, Mr. Evoy only stayed with his employer for a mere six (6) days after closing on the loan at issue.

18.     The borrower subsequently defaulted on the loan, which had been sold by PHH to an investor.

19.     In turn, the investor made demand upon PHH to repurchase the Note based upon the aforementioned misrepresentations. PHH complied with the demand requirements and repurchased the Note and has been harmed by such repurchase and by Defendant's actions.

20.     Pursuant to the terms of the Agreement, PHH has made written demand on Alliance for the repurchase of this particular loan. To date, however, Alliance has refused to honor its contractual commitments and is now in breach of the parties' Agreement.

21.     All conditions precedent to the institution of this action have occurred or have otherwise been performed.

## COUNT I: BREACH OF CONTRACT

22.     PHH realleges and incorporates herein paragraphs 1 through 21 above as though set forth fully herein.

23.     PHH and Alliance entered into a valid and enforceable contract that stated Alliance solely and specifically represented that all documents submitted to PHH are

4

genuine, true, correct and proper, contain no misrepresentations by the borrower or any other party to the mortgage loan transaction, and were properly authorized.

24. Pursuant to the terms of the Agreement, Alliance specifically agreed to repurchase the loan at issue should PHH be forced to repurchase the loan as a result of a fact or circumstance pertaining to the period prior to the closing date of the loan; or if Alliance breached any term or condition, including any representation or warranty in the Agreement.

25. The employment and salary information provided to PHH as a material inducement to issue and close on the underlying loan was predicated on misrepresentations of material fact.

26. Under the specific and unambiguous terms of the Agreement, these misrepresentations constitute a breach of the specific representations and warranties as to correctness and accuracy of the information provided to PHH.

27. PHH has been harmed by this misrepresentation as it was obligated to repurchase the underlying note.

28. PHH made written demand to Alliance to repurchase the Note and all such attempts to collect and enforce the terms of the Agreement through repurchase have been rejected in further violation of the Agreement.

29. PHH has been damaged as a result of the aforementioned acts by Alliance.

WHEREFORE, PHH Mortgage Corp. request that the Court enter judgment against Alliance Mortgage Funding, Inc., interest, the cost of this action, attorneys' fees

pursuant to the terms of the parties' Agreement, and for such other relief as may be just and appropriate.

## JURY DEMAND

PHH demands a trial by jury on all counts so triable.

DATED this 13th day of November, 2009.

Respectfully Submitted,

_____
WILLIAM P. CASSIDY, JR.
Florida Bar No. 0332630
wcassidy@shutts.com
Shutts & Bowen LLP
100 S. Ashley Drive, Suite 1500
Tampa, FL 33602
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
Attorneys for Plaintiff,
PHH Mortgage Corp.

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
PHH Mortgage Corp. f/k/a Cendent Mortgage Corporation,

**(b)** County of Residence of First Listed Plaintiff: Mount Laurel, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William P. Cassidy, Jr., Shutts & Bowen, 100 S. Ashley Drive, Suite 1500, Tampa, FL 33602, (813) 229-8900, facsimile (813) 229-8901, wcassidy@shutts.com

### DEFENDANTS
Alliance Mortgage Funding, Inc.,

County of Residence of First Listed Defendant: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
Uknown

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:09CV 61825-Cohn-Seltzer

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL INJURY** |  | ☐ 810 Selective Service |
|  | ☐ 355 Motor Vehicle Product Liability | ☐ 362 Personal Injury - Med. Malpractice | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 365 Personal Injury - Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ■ 190 Other Contract |  | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations |  |
| ☐ 195 Contract Product Liability |  | **PERSONAL PROPERTY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | **SOCIAL SECURITY** |
| ☐ 196 Franchise |  | ☐ 370 Other Fraud | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) |
|  |  | ☐ 371 Truth in Lending | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 380 Other Personal Property Damage | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 385 Property Damage Product Liability |  | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 510 Motions to Vacate Sentence | **IMMIGRATION** | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **Habeas Corpus:** | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | ☐ 890 Other Statutory Actions |
|  | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  | ☐ 891 Agricultural Acts |
|  |  | ☐ 550 Civil Rights |  | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 555 Prison Condition |  | ☐ 893 Environmental Matters |
|  |  |  |  | ☐ 894 Energy Allocation Act |
|  |  |  |  | ☐ 895 Freedom of Information Act |
|  |  |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  |  |  | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☑ NO
JUDGE _____ DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE November 13, 2009

FOR OFFICE USE ONLY
AMOUNT 350.00  RECEIPT # 548077  IFP